UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

EVAN KNOX              ]
    Plaintiff,         ]
                       ]
v.                     ]        No. 3:10-0410
                       ]        Judge Campbell
CCA METRO, et al.      ]
    Defendants.        ]

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 42 U.S.C. § 1983 against the Metro Davidson County Detention Facility, and five members of its staff, seeking damages.

The plaintiff claims that he was improperly terminated from the LifeLine rehabilitative program at the Detention Facility.

This action is being brought against the defendants in their official capacities only. As such, the plaintiff is suing the defendants' official office rather than the individuals themselves. Will v. Michigan Department of State Police, 109 S.Ct. 2304, 2312 (1989). In essence, then, the plaintiff's claims are against Davidson County, the municipal entity that operates the Detention Facility through the Corrections Corporation of America. *See* Kentucky v. Graham, 105 S.Ct. 3099, 3105 (1985).

A claim of governmental liability requires a showing that the misconduct complained of came about pursuant to a policy, statement, regulation, decision or custom promulgated by Davidson County or its agent, the Corrections Corporation of America. <u>Monell v. New York City Department of Social Services</u>, 98 S.Ct. 2018 (1978). In short, for Davidson County to be liable under § 1983, there must be a direct causal link between an official policy or custom and the alleged constitutional violation. <u>City of Canton v. Harris</u>, 109 S.Ct. 1197 (1989).

The plaintiff has offered nothing to suggest that his rights were violated pursuant to a policy or regulation of Davidson County. Thus, the plaintiff has failed to state a claim against the defendants acting in their official capacities. In any event, an inmate has no constitutionally protected right to attend rehabilitative programs. <u>Moody v. Daggett</u>, 429 U.S. 78, 88, n.9 (1976); <u>Kenner v. Martin</u>, 648 F.2d 1080, 1081 (6th Cir. 1981).

In the absence of an actionable claim, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                          */s/ Todd Campbell*
                                          Todd Campbell
                                          United States District Judge